**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **MICHEL HIDALGO VALDIVIESO,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-1690-D** |
| | ) | |
| **FRED FIGUEROA, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Michel Hidalgo Valdivieso, a non-citizen proceeding *pro se*,[1] filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") challenging his detention by the U.S. Immigration and Customs Enforcement ("ICE"). (Doc. 1).[2] United States District Judge Timothy D. DeGiusti referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). (Doc. 3). The matter is at issue. As fully set forth below, the undersigned recommends that the Petition be **GRANTED in part** because Petitioner's detention without a bond hearing violates the Immigration and Nationality Act ("INA"). The Court should order an individualized bond hearing before a neutral immigration judge within 7 days of the

[1] A *pro se* litigant's pleadings are liberally construed "and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). But the court cannot serve as Petitioner's advocate, creating arguments on his behalf. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

[2] Citations to the parties' filings and attached exhibits will refer to this Court's CM/ECF pagination.

judgment in this matter, or else release Petitioner from custody. Additionally, Petitioner's Motion to Supplement Record and Notice of Continued Wrongful Detention, (Doc. 8),[3] should be **denied as moot**.

## I. Factual Background

The relevant facts in this matter are:

- Petitioner alleges he entered the United States in 2022 and was denied admission after inspection by immigration authorities. (Doc. 1, at 7, 11).

- Petitioner alleges he was detained by ICE on October 10, 2025. (*Id.* at 11).

- Petitioner alleges, and Respondents do not contest, that he does not have a criminal record.[4] (*Id.* at 7).

- Petitioner alleges, and Respondents do not contest, that he has been denied a bond hearing. (*Id.* at 2); *see also* (*id.* at 15) (asserting he has been detained "without at least one constitutionally adequate individualized hearing").

- An Immigration Judge ordered Petitioner's removal on May 18, 2026, but an appeal of that decision is pending. EOIR Automated Case Information, https://acis.eoir.justice.gov/en/caseInformation (last accessed Oct. 6, 2026). Thus, he is not subject to a final order of removal.

- Petitioner is detained at Diamondback Correctional Facility in Watonga, Oklahoma. ICE Online Detainee Locator System, https://locator.ice.gov/odls/#/search (last accessed Oct. 6, 2026).

---

[3] Petitioner's motion seeks to supplement the record to note that the length of his detention is longer than it was at the time he filed the Petition. (Doc. 8, at 3). The undersigned finds this information is not relevant to the recommendation herein.

[4] The undersigned notes that Petitioner also asserts he has "been subject to mandatory detention" under 8 U.S.C. § 1226(c). (Doc. 1, at 11). Section 1226(c) mandates detention for certain criminal aliens – which conflicts with Petitioner's statement and Respondents' concession that he does not have a criminal record. Petitioner's citation to 8 U.S.C. § 1226(c) appears to be an error.

## II. Petitioner's Claims and Respondents' Responses

Petitioner makes the following claims in support of his Petition:

1. Prolonged Detention in Violation of the Fifth Amendment. (Doc. 1, at 6-7).
2. "Punitive Conditions in the Detention Center." (*Id.* at 7).
3. "Irrational Detention." (*Id.*)
4. His "continued detention without at least one constitutionally adequate individualized hearing violates the Due Process Clause of the Fifth Amendment." (*Id.* at 15).

As relief, Petitioner requests a prompt custody review before a neutral decision maker or, alternatively, his immediate release from custody.[5] (*Id.*) Petitioner asserts he should be released on bond if there is not clear and convincing evidence that he is dangerous or a flight risk. (*Id.*)

Respondents concede that the matter is controlled by the Tenth Circuit's recent decision in *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026). (Doc. 7, at 1-2). "Respondents request that any order be limited to directing Respondents to provide a bond hearing within seven days" and that it also be limited to Petitioner's statutory claim.[6] (*Id.* at 2).

---

[5] Petitioner also seeks other relief beyond his release or bond hearing, including ordering the Immigration Judge to consider alternatives to his detention and his ability to pay bond, (Doc. 1, at 15), but the relief recommended is limited to what is described below.

[6] While Petitioner did not explicitly raise a statutory claim, Respondents concede one exists on the record before the Court.

## III. Standard of Review

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV. Under *Santillan Quiroz v. Mullin*, Petitioner Is Entitled to a Bond Hearing.

On June 30, 2026, the Tenth Circuit decided *Santillan Quiroz,* holding "that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to [8 U.S.C.] § 1226(a) (and thus eligible for bond), not [8 U.S.C.] § 1225(b)(2)(A)." 180 F.4th at 1237. This statutory interpretation is binding on this Court and applicable to Petitioner's factual circumstances, as Respondents concede.

Because Petitioner is subject to § 1226(a) and has not received a bond hearing, Petitioner has shown that he is in custody in violation of the laws of the United States, and he is entitled to habeas relief. 28 U.S.C. § 2241(c)(3). While Petitioner seeks immediate release, a bond hearing is the appropriate remedy. *Santillan Quiroz*, 180 F.4th at 1251 n.13.[7]

---

[7] Under current BIA precedent, the non-citizen bears the burden of proving dangerousness or flight risk at a § 1226(a) bond hearing. *See Hernandez-Lara v. Lyons*, 10 F.4th 19, 27 (1st Cir. 2021). Judges in this District have either declined to decide whether due process requires shifting the burden to the government, *see Velazquez v. Johnson*, No. CIV-26-1111-J, 2026 WL 1999247, at *1 (W.D. Okla. July 10, 2026); *Karimov v. Grant*, No. CIV-26-639-J, 2026 WL 1493969, at *1 (W.D. Okla. May 28, 2026); *Rangel v. Mullin*, No. CIV-26-568-D, *Singh v. Figueroa*, No. CIV-26-600-R, or concluded that it does not. *See Adediran v. Figueroa*, No. CIV-26-801-J, *Pupo Socarras v. Figueroa*, No. CIV-26-0571-

Because the undersigned recommends granting habeas relief on the basis of a violation of the INA, it is unnecessary to address Petitioner's other claims, including his due process claim, particularly as it would result in the same relief. *See, e.g., Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1241 (D.N.M. 2025) ("Because this Court holds that § 1226 governs Petitioner's detention, the due process owed to Petitioner is that provided for in § 1226 — namely, an individualized bond hearing before an IJ.").

## V. Recommendation and Notice of Right to Object

For the reasons discussed above, the undersigned recommends that the Petition, (Doc. 1), be **GRANTED in part**. The undersigned recommends that the Court order Respondents to provide Petitioner an individualized bond hearing before a neutral immigration judge within 7 days of the judgment in this matter, or else release him from custody. Additionally, Petitioner's Motion to Supplement Record and Notice of Continued Wrongful Detention, (Doc. 8), should be **denied as moot.**

**The Court advises the parties of their right to object to this Report and Recommendation by October 14, 2026**, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).[8] The Court advises the parties that failure to make timely objection to this Report

---

HE, 2026 WL 2100499, at *1 (W.D. Okla. July 21, 2026); *Toro v. Mullin*, CIV-26-315-JD, Doc. 19, at 18 (W.D. Okla. May 12, 2026).

[8] Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to Report and Recommendations. *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker,* 484 F. App'x 227, 231, 231 n.2 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the Federal

and Recommendation waives their right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge and terminates the referral unless and until the matter is re-referred.

**ENTERED** this 7th day of October, 2026.

Amanda L. Maxfield
AMANDA L. MAXFIELD
UNITED STATES MAGISTRATE JUDGE

Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance – particularly where strict application would undermine the habeas review process.").